**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JAMES CLAY WALLER, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00055-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on James Clay Waller, II's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 8. The motion is a second or successive motion, within the meaning of 28 U.S.C. §§ 2244 and 2255, for which Petitioner has not received authorization to file from the United States Court of Appeals for the Eighth Circuit. As a result, the motion will be denied, and the case will be dismissed.

### Background

On October 5, 2017, Waller pled guilty to one count of interstate travel to commit domestic violence, in violation of 18 U.S.C. § 2261(a)(1), in connection with the murder of his wife in 2011. *United States v. Waller*, No. 1:16-cr-00058-AGF-1, ECF Nos. 79-81 (E.D. Mo.). On December 19, 2017, pursuant to a binding plea agreement, the Court sentenced Waller to 420 months in prison, to run concurrently with his sentence on the parallel state conviction from Cape Girardeau County for murder. *Id.* at ECF Nos. 95-96; *see also State of Missouri v. Waller*, No. 12CG-CR00686-01 (32nd Jud. Cir. Mo.). In the federal court plea agreement, Waller waived his rights to post-conviction relief except in the case of claims based on ineffective assistance of counsel and prosecutorial misconduct. *Id.* at ECF Nos. 80-81.

On June 25, 2018, Waller filed a pro se motion under § 2255 asserting multiple claims of ineffective assistance of counsel, prosecutorial misconduct, attorney conflict of interest, and violations of due process. *Waller v. United States*, No. 1:18-cv-00158-AGF, ECF No. 1 (E.D. Mo.). On July 25, 2018, the Court granted Waller's motion for appointment of counsel and appointed pro bono counsel for him. *Id.* at ECF Nos. 12-13. On January 22, 2019, Waller filed an amended § 2255 motion through counsel, asserting one claim of prosecutorial misconduct. *Id.* at ECF No. 25. On August 27, 2021, the Court denied Waller's §2255 motion on the merits without an evidentiary hearing, finding that the record conclusively demonstrated that Waller was not entitled to § 2255 relief. *Id.* at ECF Nos. 39-40. Waller appealed to the Eighth Circuit Court of Appeals (No. 21-3104), which denied him an application for a certificate of appealability on January 7, 2022. *Id.* at ECF No. 49. The formal mandate dismissing the case was issued March 7, 2022. *Id.* at ECF No. 50.

Waller filed the instant action on March 4, 2026. ECF No. 1. The Court directed him to amend on a Court-provided form within thirty (30) days. ECF No. 4. But, on June 16, 2016, the Court granted Waller an extension of time to file his amended § 2255 motion, due to ongoing medical treatments. ECF No. 7. And, on July 31, 2026, the Court received Waller's amended motion, seeking review and discharge of his federal sentence under § 2255. ECF No. 8.[1]

In his amended §2255 motion, Waller alleges that this Court did not have jurisdiction to proceed against him in his original federal criminal conviction because "there are actually no

---

[1] The Court notes that Waller also references his related state court criminal matter in his amended § 2255 motion. *See* ECF No. 8 at 1 (mentioning "Missouri state case" no. "12-CG-00686-01" and stating that his federal and state court criminal cases are "connected" and that the federal case "evolved from the state guilty plea"). However, the Court will not construe this action as a § 2254 habeas corpus action brought regarding his state case because Waller has already filed such an action in this Court. *See Waller v. Schmitt*, No. 1:21-cv-00025-SEP (E.D. Mo. filed Feb. 10, 2021). In September of 2022, Waller was denied § 2254 relief in that case and in November of 2022, the Eighth Circuit denied him a certificate of appealability. *Id.* at ECF Nos. 19-20, 25-26. Almost two (2) years later, in April of 2024, the Eighth Circuit denied Waller's motion for authorization to file a successive habeas application regarding his state court conviction. *Id.* at ECF Nos. 28-29.

-2-

criminal laws in America." *Id.* at 4-5. In addition, Waller asserts that the Judge, prosecutor, and his own attorneys, tricked him into giving the Court consent, and that he "did not know how to invoke [his] sovereignty." *Id.* at 6. According to Waller, "[u]nder our corporate governments, no sovereign can lawfully be tried or convicted of any statutory crime!" *Id.* Finally, he argues that "[t]here are no positive Federal laws in the United States because Congress never voted on Title 18 Federal crimes and offenses." *Id.* at 7.

## Discussion

In the instant action, Waller appears to argue for relief based on a jurisdictional defect founded on a sovereign-citizen-type argument.[2] Waller does not assert, nor does the Court believe, that this argument could not have been raised in Waller's first §2255 case. As such, this ground for relief is not a newly ripe issue. Because no newly ripe issue is raised in this action, Waller's second § 2255 motion requires authorization from the Eighth Circuit Court of Appeals. *See Thomas v. United States*, No. 25-2354, 2026 WL 1493615, at *1 (8th Cir. May 28, 2026) (holding that where Petitioner is raising an argument that "could not have been presented in his first section 2255 motion, the newly ripe claim is not 'second or successive'").

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[2] "Sovereign citizens are a loosely-affiliated group who believe government in the United States operates illegitimately and outside the bounds of its jurisdiction." *United States v. Willis*, 101 F.4th 577, 579 n.1 (8th Cir. 2024) (quoting *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019)).

-3-

The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises*, *Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

Because Waller has not gained permission from the Court of Appeals to file this action, this Court lacks jurisdiction to entertain the motion. Therefore, the motion is denied, and this action is dismissed without prejudice. Waller will not be prejudiced by the dismissal of this action. The Court will hear his successive petition if and only if the Court of Appeals authorizes its filing.

Finally, Waller has not met the burden for issuing a certificate of appealability under 28 U.S.C. § 2253(c). To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because Waller has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that James Clay Waller, II's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED** without prejudice, because it is an unauthorized successive motion.

-5-

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 5th day of August, 2026.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE